Robert L. Starr (SBN 183052)
Adam Rose (210880)
Matthew A. Giovannucci.  (SBN 311732)
**THE LAW OFFICE OF ROBERT L. STARR, APC**
23901 Calabasas Road, Suite 2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042
robert@starrlaw.com
matthew@starrlaw.com

Stephen M. Harris, (SBN 110626)
**THE LAW OFFICE OF STEPHEN M. HARRIS, APC**
6230 Canoga Avenue, Suite 1500
Woodland Hills, California 91367
Telephone: (818) 924-3103
Facsimile (818) 924-3079
Stephen@smh-legal.com

Attorneys for Plaintiff ROSAURA DERAS, individually and
on behalf of a class of similarly situated individuals

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAURA DERAS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. **Breach of Warranty (Magnuson-Moss Warranty Act);**<br>2. **Unjust Enrichment;**<br>3. **Violations of Business and Professions Code 17200;**<br>4. **Violation of Consumer Legal Remedies Act;**<br>5. **Breach of Implied Warranty**<br>6. **Fraud.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

## **INTRODUCTION**

Plaintiff Rosaura Deras ("Deras" or "Plaintiff") on behalf of herself, and all others similarly situated, brings this action against Defendant Volkswagen Group of America, Inc. ("VW" or "Defendant").

## **I.   SUMMARY OF CASE**

1.     Sunroofs are sliding, pop-up, spoiler, inbuilt, top-mounted, or panoramic glass panels within the roof of an automobile (*i.e.*, sheet(s) of glass).

2.     Moonroof is another term coined by Ford Motor Company in 1973 to help market the sunroof feature in its Lincoln Continental Mark IV.

3.     Sunroofs pose a significant engineering challenge.  Replacing metal portions of automobile roofs with large plates of glass requires precision in the strengthening, attachment, and stabilization of the glass.

4.     VW has failed to meet these engineering challenges, and as a result, many of the vehicles designed, and distributed by VW have sunroofs which spontaneously shatter. (Sunroof Defect).[1]

5.     The shattering events are so powerful that startled drivers compare it to the sound of a gunshot, after which glass fragments rain down upon the occupants of the vehicle, sometimes while driving at highway speeds.

6.     VW does not warn current or potential drivers of the existence of or dangers associated with the  Sunroof Defect.

7.     VW continues to sell and lease its vehicles to consumers with the Sunroof Defect.

8.     VW has known about the Sunroof Defect for many years. A review of the National Highway Safety Administration reveals the following:

---

[1] Regardless of the vehicle make and model, all sunroofs will be referred to as "defective sunroofs" or "sunroof defect" in this complaint.

- On December 14, 2009, a consumer complained that the sunroof of their 2010 Volkswagen Jetta spontaneously exploded outward, and that the vehicle was going to be taken to a VW authorized repair facility for repairs (ODI Complaint Number 10295634);

- On April 27, 2010, a consumer complained that the sunroof of their 2007 Volkswagen Jetta spontaneously exploded. The consumer stated that the consumer went to the VW authorized dealership, and advised as to what happened, as well as contacting VW directly. VW gave the consumer a case number of 100150276 (ODI Complaint Number 10327723);

- On February 9, 2010, a consumer complained that the sunroof of their 2010 Volkswagen Golf spontaneously exploded. The consumer stated that VW contends the problem is caused by an outside influence, however the VW authorized dealership did the repair under goodwill, apparently not charging the consumer (ODI Complaint Number 10308217);

- On January 22, 2011, a consumer complained that the sunroof of their 2010 Volkswagen Jetta spontaneously exploded, while the vehicle was parked. The consumer stated that the consumer went to the VW authorized dealership, and the dealership refused to cover the damage (ODI Complaint Number 10378311);

9.     The incidents referred to above reveal that VW has known about the Sunroof Defect dating back to at least December of 2009, and probably before. There have also been numerous other consumer complaints lodged with the National Highway and Transportation Safety Administration ("NHTSA") regarding the Sunroof Defect.  Moreover, on December 7, 2014 VW issued a voluntary recall of 2013 – 2015 MY VW Beetles with panoramic sunroofs (media.vw.com/release/856/; accessed August 16, 2017).  At least nine (9) NHTSA complaints relating to the shattering of VW sunroofs have been filed from December of 2009 through June of 2013 [the end date occurring before Plaintiff leased  her VW vehicle].  There are also numerous other consumer complaints to NHTSA which are discussed below.

10.     It is obvious that VW knew of the Sunroof Defect prior to Plaintiff leasing her VW vehicle, however the defect was not fixed, and Plaintiff was not warned of the defect.

11.     VW's conduct violates federal and California consumer protection and warranty laws.  Plaintiff brings this action on her own behalf, as well as on behalf of all other class members, as defined herein, who purchased or leased class vehicles, as defined herein, in the state of California.

## II. PARTIES

12.     Plaintiff is a citizen and resident of San Bruno California, in San Mateo County, California.

13.     VW is a New Jersey corporation with its headquarters and principal place of business in Herndon, Virginia.

14.     At all times relevant to this action, VW marketed, distributed, sold, leased, and warranted the vehicles at issue in the State of California and throughout the United States.

## III.   JURISDICTION AND VENUE

15.     This Court has jurisdiction over this class action under the Class Action Fairness Act, 23 U.S.C. § 1332(d).  There are at least one hundred members of the proposed classes.  The aggregated claims of the individual Class Members exceed the sum value of $5,000,000.00, exclusive of interest and costs, and this is a class action in which VW and more than two-thirds of the proposed Classes are citizens of different states.

16.     This Court may exercise jurisdiction over VW because it is registered to conduct business in California (*e.g.*, California Secretary of State Entity Number: C0322599), it has sufficient minimum contacts in California, and it intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its vehicles, thus rendering jurisdiction by this Court proper and necessary.

17.     Subject-matter jurisdiction also arises under the Magnuson-Moss Warranty Act claims asserted under 15 U.S.C. § 2301, *et seq.*

///

///

///

///

-4-

18.     Venue is proper in this District under 28 U.S.C. § 1391 because VW transacts business in this District, and a substantial part of the events or omissions giving rise to Plaintiff and proposed Class Members' claims occurred in this District.  Additionally, VW distributes in this District, receives substantial compensation and profits from sales, maintenance, and service of affected vehicles in this District, and has and continues to conceal and make material omissions in this District so as to subject it to suit in this District.

## IV. SUBSTANTIVE ALLEGATIONS

### A.     The VW Sunroof Defect.

19.     Defendant  markets and distributes mass produced automobiles in the United States under the Volkswagen brand name.

20.     The VW automobile models that are subject of this case are all the *2005 – 2017 Jetta models, 2015 – 2017 Golf models, 2006 – 2015 GTI models, 2009 – 2010 CC models, 2007 – 2016 Eos models, 2006 – 2009 Rabbit models, 2012 – 2017 Passat models, 2004 – 2006 Touareg models, 2011 – 2017 Touareg models, 2008 R32 Base, and 2009 – 2017 Tiguan models*, equipped with factory-installed sunroofs (collectively, the "Class Vehicles").  Plaintiff anticipates amending the Class Vehicles definition upon VW identifying in discovery all of its vehicles manufactured and sold with the same or similar sunroofs.

21.     Plaintiff contends that VW has known of the Sunroof Defect prior to distributing any of the herein referenced Class Vehicles. Furthermore, Plaintiff contends that the herein referenced class vehicles all contain a common defect, the Sunroof Defect.

22.     The actual material cost of sunroofs is relatively low, making the option a very profitable feature in the automotive industry.

23.     Sunroofs are made of glass that attaches to tracks, which in turn are set within a frame attached to the vehicle.

24.     Most sunroofs, including those offered by VW, include a retractable sunshade.

25.     The sunroofs in the Class Vehicles all share a common design, and that common design is defective, resulting in the sunroofs of the Class Vehicles spontaneously shattering, as previously  defined as the Sunroof Defect.

**B.  Consumer Complaints Reveal the Magnitude of the Defect.**

26. At least fifty seven (57) owners and lessees of Class Vehicles have reported an incident of their sunroof shattering to the NHTSA.  A brief summary of consumer complaints appear below:

| Date of NHTSA Complaint | Date of Incident | Model Year | VW Model | NHTSA ID Number | NHTSA Consumer Complaint Excerpt |
|---|---|---|---|---|---|
| 08/07/15 | 08/04/15 | 2013 | Jetta | 10747137 | "heard a loud bang, sounded like a gunshot, immediately after glass started raining. . . ." |
| 09/26/14 | 09/26/14 | 2013 | Jetta | 10639467 | "Sunroof shattered while driving in the country." |
| 09/10/14 | 09/10/14 | 2013 | Jetta | 10632336 | "heard a loud pop/gunshot sound from the sunroof… luckily I had the interior cover closed." |
| 0/15/14 | 01/15/14 | 2012 | Jetta | 10560141 | "heard a loud boom, sounded like a gunshot, glass from the sunroof covered us" |
| 06/26/13 | 06/26/13 | 2012 | Jetta | 10521897 | "glass shattered and fell all over me… I was completely terrified…." |
| 09/15/15 | 09/11/15 | 2014 | Jetta | 10763955 | "the sun roof shattered" |
| 06/06/15 | 05/06/15 | 2015 | Jetta | 10714966 | "the sun roof glass exploded" |
| 06/16/14 | 06/06/13 | 2014 | Jetta | 010598565 | "the sun roof exploded" |
| 03/02/13 | 03/04/13 | 2011 | Jetta | 10501227 | "there was a loud noise like a |

-6-

| | | | | | |
|---|---|---|---|---|---|
| | | | | | gunshot.  I swerved into the left lane…." |
| 01/12/16 | 01/12/16 | 2014 | Jetta | 10819590 | "moon roof front panel is shattered…." |
| 02/28/17 | 02/27/17 | 2015 | Golf | 10957577 | "Sunroof … exploded…." |
| 04/13/16 | 04/13/16 | 2015 | Golf | 10855306 | "Sunroof was completely shattered … spontaneous…." |
| 01/26/16 | 01/26/16 | 2015 | Golf | 10822447 | "sounded like a shotgun…." |
| 06/20/15 | 06/10/15 | 2015 | Golf | 10726334 | "sunroof exploded without warning." |
| 01/23/11 | 01/20/11 | 2011 | Golf | 10378335 | "Sunroof . . . exploded…." |
| 02/23/17 | 02/23/17 | 2015 | GTI | 10956665 | "sunroof suddenly exploded sending glass shards everywhere…." |
| 11/21/16 | 11/16/16 | 2012 | GTI | 10927115 | "sunroof exploded like a gun shot" |

| | | | | | |
|---|---|---|---|---|---|
| 10/20/16 | 10/20/16 | 2016 | GTI | 10917627 | "loud banging noise was heard" |
| 10/26/13 | 10/24/13 | 2012 | GTI | 10549608 | "hear a loud bang" |
| 04/11/17 | 03/30/17 | 2017 | Passat | 10971933 | "sunroof spontaneously shattered with no impact" |
| 12/28/15 | 12/28/15 | 2015 | Passat | 10816640 | "I hear a boom!" |
| 12/18/15 | 12/11/15 | 2014 | Passat | 10811216 | "exploding sunroof" |
| 08/01/15 | 07/31/15 | 2013 | Passat | 10745576 | "a loud explosion sounding like a bomb or gunshot" |

| | | | | | |
|---|---|---|---|---|---|
| 04/21/15 | 04/20/15 | 2015 | Passat | 10712027 | "my sunroof spontaneously shattered" |
| 02/02/15 | 01/19/15 | 2014 | Passat | 10680602 | "suddenly…sunroof exploded" |
| 01/28/15 | 01/24/15 | 2014 | Passat | 10679489 | "sunroof shattered" |
| 01/24/14 | 12/06/14 | 2014 | Passat | 10668125 | "sunroof shattered" |
| 10/24/14 | 10/23/14 | 2013 | Passat | 10649618 | "Sunroof exploded upward" |
| 10/07/14 | 09/20/14 | 2013 | Passat | 10643045 | "sunroof… exploded outwards" |
| 01/27/14 | 01/22/2014 | 2012 | Passat | 10561722 | "I heard a loud gunshot sound" |
| 12/20/13 | 12/20/13 | 2013 | Passat | 10556864 | "sunroof…exploded outwards" |
| 03/31/17 | 03/30/17 | 2015 | Tiguan | 10969700 | "sunroof exploded and bubbled up" |
| 02/27/17 | 02/27/17 | 2016 | Tiguan | 10957453 | "sunroof spontaneously shattered" |
| 10/06/16 | 10/06/16 | 2015 | Tiguan | 10914350 | "sunroof glass exploded" |
| 06/09/16 | 06/08/16 | 2011 | Tiguan | 10873448 | "sunroof… exploded" |
| 11/23/15 | 11/23/15 | 2015 | Tiguan | 10806332 | "sun roof exploded without warning…" |
| 05/31/16 | 05/28/16 | 2011 | Touareg | 10871581 | "sunroof panel (panoramic) shattered" |
| 01/09/16 | 01/07/16 | 2014 | Touareg | 10819131 | "Panoramic sunroof exploded from the inside out" |
| 10/30/15 | 10/25/15 | 2014 | Eos | 10787218 | "glass sunroof of my car exploded & shattered" |

| 03/02/15 | 02/07/14 | 2014 | Eos | 10691636 | "sunroof just exploded" |
|----------|----------|------|-----|----------|-------------------------|
| 02/04/14 | 02/03/14 | 2012 | Eos | 10562896 | "sunroof fractured into small pieces" |
| 05/07/13 | 05/06/13 | 2009 | CC | 10510917 | "sunroof glass shattered" |
| 10/10/16 | 02/29/16 | 2009 | Eos | 10915021 | "sunroof exploding raining shards of glass on me" |
| 11/28/16 | 11/19/16 | 2009 | Eos | 10928251 | "sun roof shattered without warning" |
| 11/13/12 | 11/09/12 | 2008 | Eos | 10484485 | "sun roof exploded" |
| 02/09/10 | 01/22/10 | 2010 | Golf | 10308217 | "sunroof exploded" |
| 08/08/13 | 08/07/13 | 2010 | GTI | 10534357 | "Heard a loud bang, like a gun shot" |
| 02/07/15 | 02/07/15 | 2010 | Jetta | 10681905 | "sunroof exploded outward" |
| 03/29/14 | 03/29/14 | 2009 | Jetta | 10575552 | "sunroof burst…riding with son and friend." |
| 03/29/13 | 03/29/13 | 2009 | Jetta | 10533206 | "the sunroof exploded" |
| 04/11/13 | 04/11/13 | 2009 | Jetta | 10505914 | "sunroof exploded upwards" |
| 01/23/11 | 01/22/11 | 2010 | Jetta | 10378311 | "panoramic sunroof shattered" |
| 04/27/10 | 04/14/09 | 2007 | Jetta | 10327723 | "sun roof exploded" |
| 12/14/09 | 12/13/09 | 2010 | Jetta | 10295634 | "sun roof exploded outward" |
| 11/28/14 | 11/26/14 | 2010 | Passat | 10661192 | "sunroof exploded" |
| 07/02/12 | 06/29/12 | 2005 | Touareg | 10464005 | "sun roof glass exploded on its own…." |

**C.**     **Volkswagen's Knowledge of the Defect:**

27.     VW has long known, through NHTSA complaints, through consumers complaints lodged directly with VW, through consumer complaints lodged through VW dealerships, and through VW's own testing, that the Sunroof Defect exists.

28.     In addition to monitoring the NHTSA, VW internally tracks information regarding all sunroof failures through the collection of incident reports and other information from drivers and dealers (through VW's TREAD ACT EWR Reporting obligations), including complaints, warranty claims, replacement parts data, dealings with insurance companies, and other aggregated data sources.  VW has exclusive access to this information, including pre-release testing of vehicle components, thus establishing that VW had  knowledge very early on about the defect.

29.     VW is also aware that other manufacturers – whose vehicles have similarly designed panoramic sunroofs and similar shattering problems – have voluntarily initiated safety recalls to notify drivers of the danger and repair shattered sunroofs free of cost.

30.     VW itself has recalled similarly designed sunroofs with the exact same shattering problem via a voluntary safety recall to notify drivers of the danger and repair shattered sunroofs free of cost. VW has failed, however, to fully address this problem.

31.     VW has at times taken the position that the sunroofs in question have shattered as a result of impact from roadway objects.

32.     Rocks or other objects thrown up by cars and trucks on the roadway would not impact the sunroof with sufficient force to cause it to shatter, let alone shatter outward, a fact that appears in many consumer complaints and of which VW is aware.  Moreover, driver reports specifically contradict VW's position. Significantly, some VW sunroofs have spontaneously shattered ("outward") while the vehicles were parked.

33.     As mentioned above, VW has had at least one recall relating to the shattering of sunroofs. The recall was for its 2013 - 2015 VW Beetle. While VW issued a recall, that sunroof shattering problem impacted only three model years of its Beetle, and it has done nothing regarding the far more predominant problem relating to all regular and panoramic sunroof shattering that affects potentially hundreds of thousands or more VW vehicles.

-10-

**D.      The Dangers Posed to Class Vehicle Occupants:**

34.      It is undeniable that the spontaneous explosion of a sunroof endangers drivers, passengers, and others on the road.

35.      Sunroofs are an expensive upgrade option that can add thousands of dollars to the purchase or lease price and hundreds to over a thousand dollars to replace.

36.      A reasonable person considering whether to purchase or lease a VW vehicle would want to be informed about the Sunroof Defect so that he or she could opt against paying thousands of dollars for a "luxury upgrade" which is clearly unsafe, or simply forego purchasing or leasing the vehicle altogether.

37.      When the sunroofs of Class Vehicles shatter, they usually make a sudden and extremely loud noise, followed by shards of glass raining down onto the driver and passengers. Drivers report that the falling shards of glass have cut them and their passengers and have also caused damage to the interior of the vehicles. Drivers have also reported a number of near-miss accidents that occurred after they were startled or distracted by the shattering. Both VW and the NHTSA have received reports of injuries resulting from VW sunroofs shattering.

38.      When VW initiated a safety recall for shattering sunroofs, it acknowledged that drivers "could be injured by falling glass, and that "[i]if the glass panel were to break while the vehicle is in motion, it could cause driver distraction, increasing the risk of a crash."[2]

39.      When Hyundai initiated a recall relating to shattering sunroofs, it too acknowledged that the shattering sunroofs "relates to motor vehicle safety," including by posing a risk of cutting vehicle occupants.

---

[2] Jenna Reed, *VW Recalls Certain Beetle Models Over Potential Panoramic Sunroof Issue*, glassBYTES.com (Dec. 11, 2014), http://www.glassbytes.com/2014/12/vw-recalls-certain-beetle-models-over-potential-panoramic-sunroof-issue/; accessed on August 25, 2016 and Volkswagen of America, Inc., Volkswagen Issues Voluntary Recall (Dec. 7, 2014), https://media.vw.com/release/856/; accessed on August 25, 2016.

40.     In connection with the Hyundai recall, the NHTSA wrote that the breaking of the panoramic sunroof could lead "to personal injury or a vehicle crash."  In connection with an Audi recall, the NHTSA wrote that "should the sunroof's glass break while the vehicle is in use, the falling glass could cut and injure the driver or passengers [and] could also distract the driver, increasing the risk of a crash."

41.     Korea Automotive and Testing Research Institute (KATRI) likewise concluded that the sudden shattering of a panoramic sunroof while driving may cause "abrasions due to shattered glass" and also cause the "risk of secondary accidents."

**E.     Volkswagen Refuses to Warn Drivers.**

42.     Despite the high number of complaints and the danger posed by the defect (especially in light of the fact that VW recalled 2013 – 2015 VW Beetles with very few complaints lodged against it via NHTSA), VW continues to conceal its existence from current drivers and potential customers alike.  VW has neither warned consumers at the point of sale/lease nor when drivers who have experienced a shattered sunroof bring their vehicle in for repairs (or instructed its dealerships to do so) thus making no effort to alert consumers of the risk.  VW knows of the defect yet continues to profit from the sale and lease of vehicles to unwitting consumers.

43.     VW continues to conceal the defect even though it knows that the defect is not reasonably discoverable by drivers unless they experience a failure and are exposed to the attendant safety risks.

44.     VW remains silent even as it continues to receive complaints from concerned drivers internally, and via NHTSA, and even though it recalled one vehicle for the very same defect.

45.     As a result of VW's inaction and silence, consumers are unaware that they purchased or leased a vehicle that has a defective sunroof, and continue to drive these unsafe vehicles.

46.     Other manufacturers who have had vehicles with sunroof problems –Audi, Hyundai, and VW itself relating to vehicles other than Class Vehicles, have voluntarily initiated safety recalls as a result, notifying drivers of the danger and offering to repair the sunroofs free of cost.

**F.     VW's Deceptive Warranty Process.**

47.     VW and its dealerships advertise that "[e]very new Volkswagen model has a basic limited warranty of 3 years/36,000 miles with roadside assistance, a powertrain warranty of 5 years/60,000 miles (10 years/100,000 miles for base trim Touareg) and corrosion perforation for 12 years/120,000 miles." (http://www.newcenturyvw.com/blog/2016-volkswagen-warranty-coverage-and-plans/; accessed August 27, 2017).

48.     The relevant terms of the warranties for each of the model years of the Class Vehicles are identical or substantially similar.

49.     Plaintiff and Class Members experienced damage from the Sunroof Defect within the warranty periods of their vehicles. Plaintiff and Class Members reasonably expected that any and all damage that resulted from a defect such as the Sunroof Defect would be covered under the warranty, and that they would not be charged for such repairs.

50.     VW has systematically denied coverage with respect to the defective sunroofs. Plaintiff and numerous Class Members have been forced to incur substantial repair bills and other related damages, including being forced to make claims under their automotive insurance policies and incurring substantial deductibles.

**V.     PLAINTIFF EXPERIENCE**

**Rosa Deras**

51.     Plaintiff Rosa Deras leased her 2013 Volkswagen Jetta around June of 2013 from Serramonte Volkswagen located at 711 Serramonte Blvd, Colma, CA 94014.

52.     Had Ms. Deras known that the sunroof in her vehicle could possibly explode and rain down shards of glass onto her and her family's heads during operation she would not have obtained the vehicle.

53.     Rosa Deras purchased her 2013 Volkswagen Jetta, at the end of her lease, VIN: 3VWDP7AJ1DM240817, with 35,952 miles on it for one payment of $12,860.10, on June 3, 2016.

54.     Recently during 2017, Ms Deras was driving on the freeway. Suddenly, a loud "BOOM" like a gunshot/explosion went off in her car, followed by a hail of glass falling on her head and the interior of the vehicle.  Md. Deras noticed that there was a large hole in the center of her windshield, and the edges were pointing outward/upward indicating that the break came from the inside.

55.     As a result of Ms. Deras experiencing the Sunroof Defect, Ms. Deras incurred out of pocket expenses.

56.     Had VW adequately disclosed the sunroof defect, Ms. Deras would not have leased and subsequently purchased the vehicle or she would have paid substantially less for it. In addition, Ms. Deras would not have suffered the economic damages she sustained. Her vehicle remains within the scope of the VW new vehicle warranty.  She did not receive the benefit of the bargain.

57.     Ms. Deras sent a California Consumer Legal Remedies Act (CLRA) Letter to Volkswagen Group of America, Inc., on August 14, 2017, and VW has failed to offer a remedy to the class and Ms. Deras, to resolve all their claims, in response to the letter

58.     Ms. Deras sent a prelitigation demand letter to Volkswagen Group of America, Inc., on August 14, 2017.

## VI.   CLASS ACTION ALLEGATIONS

59.     Plaintiff brings this case as a class action on behalf of herself and all others similarly situated who purchased or leased Class Vehicles in the state of California (Class Members).

60.     Excluded from the proposed class is VW; any affiliate, parent, or subsidiary of VW; any entity in which VW has a controlling interest; any officer, director, or employee of VW; any successor or assign of VW; anyone employed by counsel in this action; any judge to whom this case is assigned, his or her spouse; and members of the judge's staff; and anyone who purchased a Class Vehicle for the purpose of resale.

61.     Members of the proposed classes are readily ascertainable because the class definitions are based upon objective criteria.

62.     **Numerosity.**  VW sold many thousands of Class Vehicles, including a substantial number in California.  Class Members likely number in the hundreds of thousands and are thus too numerous to practically join in a single action. Class Members may be notified of the pendency of this action by mail, supplemented by public notice (if deemed necessary or appropriate by the Court).

63.     **Commonality and Predominance.**  Common questions of law and fact exist as to all proposed members of the Classes and predominate over questions affecting only individual Class Members.  These common questions include:

a.     Whether the sunroofs installed in Class Vehicles are designed defectively such that they have a propensity to spontaneously shatter;

b.     Whether VW knew of the Sunroof Defect, and if so, when it discovered this;

c.     Whether the knowledge of this propensity to shatter would be important to a reasonable person, for example, because it poses an unreasonable safety hazard;

d.     Whether VW failed to disclose to or concealed from potential consumers: the existence of the Sunroof Defect;

e.     Whether VW breached its express warranty obligations;

f.     Whether VW has a pattern and practice of attributing damages claimed by Plaintiff and Class Members to causes other than the complained-of defect;

g.     Whether VW should be required to notify Class Members about the Sunroof Defect;

h.     Whether this Court should grant declaratory relief requested herein;

i.     Whether VW had a duty to disclose to Plaintiff and Class Members the true character, quality, and nature of the Class Vehicles and the Sunroof Defect;

j.     Whether VW's conduct, as alleged herein, violates the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*;

k.     Whether VW's conduct, as alleged herein violates the consumer protection laws of California; and

l.     Whether VW's conduct, as alleged herein, entitles Plaintiff and Class Members to restitution or other damages under California and federal law.

64.    **Typicality.**  Plaintiff's claims are typical of the claims of the proposed classes. Plaintiff and the members of the proposed Classes all purchased or leased Class Vehicles with the Sunroof Defect. The Class Vehicles have the same Defect, sunroofs that are inherently susceptible to spontaneous shattering, giving rise to substantially the same claims.  As illustrated by Class Member complaints, some of which have been excerpted herein, each vehicle model included in the proposed class suffers from the same or substantially similar defect.

65.    **Adequacy.**  Plaintiff is an adequate representative of the proposed Classes because her interests do not conflict with the interests of the members of the class that she seeks to represent.  Plaintiff has retained counsel who are competent and experienced in complex class action litigation, and will prosecute the claims vigorously on Class Members' behalf.

66.    **Superiority.**  A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injuries suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against VW economically feasible.  Even if Class Members themselves could afford such individualized litigation, the court system could not.  In addition to the burden and expense of managing many actions arising from the Sunroof Defect, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

67.    In the alternative, the proposed Classes may be certified because:

a.     the prosecution of separate actions by the individual members of the proposed Classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for VW;

-16-

1         b.     the prosecution of individual actions could result in adjudications which, as

2    a practical matter, would be dispositive of the interests of non-party class members or which would

3    substantially impair their ability to protect their interests; and

4         c.     VW has acted or refused to act on the grounds generally applicable to the

5    proposed Classes, thereby making appropriate final and injunctive relief with respect to members

6    of the proposed Classes as a whole.

7                   **VII.    TOLLING OF THE STATUES OF LIMITATIONS**

8         68.     **Discovery Rule.**  Plaintiff's respective statute of limitations accrued upon discovery

9    of the Sunroof Defect, which occurred this year, when her sunroof exploded.. While VW knew and

10   concealed the fact that the sunroofs installed in the Class Vehicles have a defect that causes

11   spontaneous shattering, Plaintiff and the Class did not discover this fact until after they

12   experienced such spontaneous shattering first-hand, and even if they experienced shattering, VW

13   has concealed the defect from them in such instances.   VW has claimed that its sunroofs shatter

14   only as a result of impact from objects on the roadway and concealed and conceals from Plaintiff

15   and Class Members that the sunroofs are defective.  Plaintiff and Class Members who experienced

16   exploding sunroofs also could not know that the new sunroofs that were installed in their Class

17   Vehicles presented the same danger of spontaneously shattering.

18        69.     **Active Concealment Tolling.**  Any statues of limitations are tolled by VW's

19   knowing and active concealment of the fact that the sunroofs installed in the Class Vehicles

20   suffered from the same inherent defect.  VW kept Plaintiff and Class Members ignorant of vital

21   information essential to the pursuit of their claims, without any fault or lack of diligence on the

22   part of Plaintiff or the proposed Class.  The details of VW's efforts to conceal its above-described

23   unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and Class

24   Members.  Plaintiff and Class Members could not have reasonably discovered the fact that the

25   sunroofs installed in their Class Vehicles were defective.

26        70.     **Estoppel.**  VW was and is under a continuous duty to disclose to Plaintiff and Class

27   Members the true character, quality, and nature of the sunroofs installed in Class Vehicles.  At all

28   relevant times, and continuing to this day, VW knowingly, affirmatively, and

actively misrepresented and concealed the true character, quality, and nature of the sunroofs installed in the Class Vehicles.  The details of VW's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and Class Members.  Plaintiff reasonably relied upon VW's knowing, affirmative, and/or active concealment and affirmative misrepresentations.  Based on the foregoing, VW is estopped from relying on any statutes of limitations defense of this action.

71. **Equitable Tolling.**  VW took active steps to conceal the fact that it wrongfully, improperly, illegally, and repeatedly marketed, distributed, sold, and/or leased Class Vehicles with defective sunroofs.  The details of VW's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and Class Members.  When Plaintiff learned about this material information, she exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing her claims.  VW fraudulently concealed its above-described wrongful acts.  Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## VIII.  CLAIMS FOR RELIEF

### Violation of the Magnuson-Moss Warranty Act ("MMWA"),

### 15 U.S.C.§ 2301, *et seq*.

(Plaintiff individually and on behalf of those similarly situated)

72. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

73. The Magnuson-Moss Warranty Act, 15 U.S.C. §2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

74. Plaintiff and Class Members are "consumers" within the meaning of 15 U.S.C. §2301(3).

75. VW is a "supplier" and "warrantor" within the meanings of 15 U.S.C. §2301(4)-(5).

76. Class Vehicles are "consumer products" within the meaning of 15 U.S.C. §2301(1).

77.     VW provided a written warranty for each Class Vehicle.  VW's express warranties are written warranties within the meaning of the MMWA, 15 U.S.C. §2301(6).  The Class Vehicles' implied warranties are covered under 15 U.S.C. §2301(7).

78.     VW breached the warranties by:

a.     Extending a 3 year/36,000 mile New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

b.     Selling and leasing Class Vehicles with sunroofs that were defective in material and workmanship, requiring repair or replacement within the warranty periods; and

c.     Refusing to honor express warranties by not repairing or replacing the sunroofs free of charge.

79.     Plaintiff and Class Members own/lease Class Vehicles that experienced spontaneous sunroof shattering during the period of warranty coverage.

80.     Despite VW's warranty, VW has not repaired or replaced these shattered sunroofs at no charge to the consumers.  In fact, VW has denied claims made under its warranty(ies) by consumers whose Class Vehicle sunroofs shattered.

81.     VW's breach of express warranty(ies) has deprived Plaintiff and Class Members of the benefit of the bargain.

82.     Plaintiff and Class Members have had sufficient dealings with either VW or its franchisees, representatives, and agents to establish any required privity of contract.  Nonetheless, privity is not required here because Plaintiff and each of the other Class Members are intended third-party beneficiaries of the contracts between VW and its dealers and specifically of VW's express and implied warranties.  The dealers were not intended to be the ultimate consumers of the Class Vehicles and have no rights under the warranty agreements relating to the Class Vehicles. The warranty agreements were designed for and intended to benefit the consumers only.

83.     The amount in controversy of Plaintiff's individual claims meets or exceeds the sum value of $25.00.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

84.     VW has been afforded reasonable opportunity to cure its breaches of warranty, including when Plaintiff brought her vehicle in for repair of the defective sunroof.

85.     Pursuant to provisions of 15 U.S.C. §2310(e), Plaintiff and Class Members have all sufficiently notified VW, thus providing VW with a reasonable opportunity to correct its business practices and cure its breach of warranties under the MMWA.  Plaintiff has already sent MMWA notice letters to VW or are sending concurrently with the filing of the instant complaint.

86.     VW has not cured the breach of warranty described above and continues to deny warranty coverage when Class Members present their vehicles for repair after their Class Vehicles' sunroofs spontaneously shattered.

87.     Resorting to any informal dispute settlement procedure or affording VW another opportunity to cure its breach of warranty is unnecessary and futile.  Any remedies available through any informal dispute settlement procedure would be inadequate under the circumstances, as VW has repeatedly failed to disclose the sunroof defect or provide repairs at no cost and, therefore, has indicated no desire to participate in such a process at this time.  Any requirement under the MMWA or otherwise that Plaintiff submit to any informal dispute settlement procedure or otherwise afford VW a reasonable opportunity to cure its breach of warranty(ies) is excused and/or has been satisfied.

88.     As a direct and proximate result of VW's breach, Plaintiff and Class Members sustained damages and other losses to be determined at trial.  VW's conduct damaged Plaintiff and Class Members, who are entitled to recover damages, specific performance, costs, attorneys' fees, and other appropriate relief.

**COUNT 2**

**Unjust Enrichment**

(Plaintiff individually and on behalf of the Class)

89.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

90.    As describe above, VW sold Class Vehicles to Plaintiff and Class Members even though the sunroofs installed in those Class Vehicles were defective and posed a safety hazard. VW failed to disclose its knowledge of the sunroof defect and the defect's attendant risks – at the point of sale or otherwise.

91.    VW unjustly charged and charges Plaintiff and Class Members for repairs and/or replacement of the defective sunroofs without disclosing that the defect is widespread and that the repairs do not address the root cause of the defect.

92.    As a result of its acts and omissions related to the defective sunroofs, VW obtained monies that rightfully belong to Plaintiff and Class Members.

93.    VW appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiff and Class Members who, without knowledge of the defect, paid a higher price for their vehicles than Plaintiff and Class Members would have, or Plaintiff and Class Members would have otherwise not purchased, had they been aware of the defect.

94.    It would be inequitable and unjust for VW to retain these wrongfully obtained profits.

95.    VW's retention of these wrongfully-acquired profits would violate fundamental principles of justice, equity, and good conscience.

**COUNT 3**

**Violation of the Unfair Competition Law ("UCL"),**

**Cal. Bus. & Prof. Code § 17200, *et seq*.**

(Plaintiff Rosaura Deras individually and on behalf of the Class)

96.     Plaintiff Rosaura Deras re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

97.     VW has violated and continues to violate California's UCL, Cal. Bus. & Prof. Code § 17200, et seq., which prohibits unlawful, unfair, and fraudulent business acts or practices.

98.     VW's acts and practices, alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the UCL.  In particular, VW sold Class Vehicles to Deras and Class Members even though the sunroofs installed in those Class Vehicles were defective, posing a safety hazard.  Further, VW failed to disclose its knowledge of the defect and the attendant risks of the defect at the point of sale or otherwise.

99.     VW's business acts and practices are unlawful in that they violate the Consumers Legal Remedies Act, Cal. Civil Code § 1750, et seq.  for the reasons set forth below.  VW's acts and practices also constitute fraudulent practices in that they are likely to deceive a reasonable consumer.  As described above, VW knowingly concealed, continues to conceal, failed, and continues to fail to disclose at the point of sale and otherwise that Class Vehicles' sunroofs have a propensity to spontaneously shatter, endangering the personal safety of the drivers.  Had VW disclosed that information, Plaintiff and Class Members would not have purchased Class Vehicles or would have paid significantly less for them.  Furthermore, VW charges for repairs of Plaintiff's and Class Members' shattered sunroofs without disclosing that the problem is widespread and that the repairs do not address the root cause(s) of the defect.

100.     VW's conduct also constitutes unfair business practices for at least the following reasons:

a.     The gravity of potential harm to Plaintiff and Class Members as a result of VW's acts and practices far outweighs any legitimate utility of VW's conduct;

b.      VW's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and Class Members; and

c.      VW's conduct undermines or violates stated policies underlying the UCL – to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

101.    As a direct and proximate result of VW's business practices described herein, Plaintiff and Class Members suffered a foreseeable injury-in-fact and lost money or property because they purchased and paid for Class Vehicles that, had they known of the defect, they would not have purchased or, in the alternative, they only would have purchased for a lower amount.

102.    Plaintiff and Class Members are entitled to equitable relief, including an order directing VW to disclose the existence of the defect inherent in its sunroofs and to provide restitution and disgorgement of all profits paid to VW as a result of its unfair, deceptive, and fraudulent practices, reasonable attorneys' fees and costs, and a permanent injunction enjoining such practices.

## **COUNT 4**

### **Violation of the Consumers Legal Remedies Act ("CLRA"),**

### **Cal. Civ. Code § 1750, *et seq*.**

(Plaintiff Rosaura Deras individually and on behalf of the Class)

103.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

104.    VW is a "person" within the meaning of Cal. Civ. Code §§ 1761(c) and 1770, and has provided "goods" within the meaning of Cal. Civ. Code §§ 1761(b) and 1770.

105.    Plaintiff and members of the proposed Class are "consumers" within the meaning of Cal. Civ. Code §§ 1761(d) and 1770 and have engaged in a "transaction" within the meaning of Cal. Civ. Code §§ 1761 and 1770.

106.    VW's acts and practices, which were intended to result and which did result in the sale of Class Vehicles with defective sunroofs, violate the CLRA for at least the following reasons:

      a.      VW represents that its vehicles with sunroofs had characteristics, values, or benefits which they do not have;

      b.      VW advertises its goods with intent not to sell them as advertised;

      c.      VW represents that its vehicles' sunroofs are of a particular standard, quality, or grade when they are not;

      d.      VW represents that a transaction conferred or involved rights, remedies, or obligations which they do not; and

      e.      VW represents that its goods have been supplied in accordance with a previous representation when they have not.

107.    As described herein, VW sold vehicles to Plaintiff and Class Members even though the sunroofs installed in those Class Vehicles are defective and pose a safety hazard, and VW failed to disclose its knowledge of its sunroof defect and further failed to disclose the attendant risks associated with the defect at the point of sale or otherwise.  VW intended that Plaintiff and Class Members rely on this omission in deciding to purchase their vehicles.  Plaintiff and Class Members did in fact rely on said omission.

108.    Had VW adequately disclosed the defect inherent in its sunroofs, Plaintiff and Class Members would not have purchased their Class Vehicles or, in the alternative, they would have only been willing to pay less for their Class Vehicles.  Furthermore, VW charged Plaintiff and Class Members (and continues to charge) for the repair and replacement of defective sunroofs without disclosing that this spontaneous shattering problem is widespread and that the repairs do not address the root cause(s) of the defect.  Nor does VW disclose that the replacement part used in repairs is substantially identical to the original factory-installed sunroof, such that it may also spontaneously explode.

109.    Pursuant to the provisions of the CLRA, Plaintiff gave notice of the defect to VW and the period described in Cal. Civ. Code Section 1782, subd. (d), has expired.

110.    Plaintiff and Class Members are entitled to actual damages, injunctive relief, restitution, as well as attorneys' fees and costs.

## COUNT 5

### Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*

(Plaintiff Rosaura Deras individually and on behalf of the Class)

111.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

112.     Class Vehicles are "consumer goods" and Plaintiff and Class Members are "buyers" within the meaning of Cal. Civ. Code § 1791.  VW is also a "manufacturer," "distributor," or "retail seller" within the meaning of Cal. Civ. Code § 1791.

113.     The implied warranty of merchantability included with the sale of each Class Vehicle means that VW warranted that each Class Vehicle:

a. would pass without objection in trade under the contract description;

b.      was fit for the ordinary purposes for which the Class Vehicle would be used; and

c. conformed to the promises or affirmations of fact made on the container label.

114.     The Class Vehicles would not pass without objection in the automotive trade because their sunroofs are inherently defective in that they have a propensity to spontaneously explode, shatter, or otherwise fail, making them unfit for the ordinary purpose for which the Class Vehicles are normally used.

115.     The Class Vehicles are not adequately labeled because their labeling fails to disclose the sunroofs' propensity to spontaneously shatter and does not advise Plaintiff or Class Members of the existence of the defect.

116.     VW's actions have deprived Plaintiff and Class Members of the benefit of their bargains and have caused Class Vehicles to be worth less than what Plaintiff and Class Members paid for them.

117.     As a direct and proximate result of VW's conduct as described herein, Plaintiff and Class Members received goods in a condition that substantially impairs their value.  Plaintiff and Class Members have been damaged by the diminished value of their Class Vehicles, among other ways.

118.     Plaintiff and Class Members are entitled to damages and other legal and equitable relief, including, at their election, the right to revoke acceptance of Class Vehicles or to recover for the overpayment or diminution in the value of their Class Vehicles.  They are also entitled to all incidental and consequential damages resulting from Volkswagen's conduct, as well as reasonable attorneys' fees and costs.

<u>**COUNT 6**</u>

Fraud by Omission

(Plaintiff Rosaura Deras individually and on behalf of the Class)

119.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

120.     VW knew that the Sunroof Defect in its Class Vehicles was a condition rendering the Class Vehicles defectively designed or manufactured, causing the Class Vehicles to experience the Sunroof Defect, rendering the vehicles not suitable for their intended use.

121.     Defendant concealed from and failed to disclose to Plaintiff and the Class the defective nature of the Class Vehicles.

122.     Defendant was under a duty to Plaintiff and Class to disclose the defective nature of the Sunroof Defect because:

a.     Defendant was in a superior position to know the true state of facts about the Sunroof Defect in the Class Vehicles;

b.     Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and

c.     Defendant actively concealed the defective nature of the Class Vehicles from Plaintiff and the Class.

123.     The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase the Class Vehicles.  Had Plaintiff and other Class Members known that the Class Vehicles had the Sunroof Defect, Plaintiff and the Class Members would not have purchased and leased Class Vehicles, or would have paid less for them.

124.     Defendant continued to conceal the defective nature of the Class Vehicles even after Class Members began to report problems.  Furthermore, Defendant recalled other vehicles, not included in the class, exhibiting the exact same Sunroof Defect as Class Vehicles.  Indeed, Defendant continues to cover up and conceal the true nature and extent of the problem.

125.     Defendant concealed or failed to disclose the true nature of the design or manufacturing defect consisting of the Sunroof Defect existing in its Class Vehicles to induce Plaintiff and the Class to act thereon.  Plaintiff and the Class Members justifiably relied on the omission to their detriment.  The detriment is evident from Plaintiff's and Class Members' purchase and/or lease of Defendant's Class Vehicles.

126.     Defendant continued to conceal the defective nature of the Class Vehicles' Sunroofs even after Members of the Class began to report problems.  Indeed, Defendant continues to cover up and conceal the true nature of the problem today, including denying reimbursement of repair costs related to repairs that have been necessary due to the Sunroof Defect.

127.     As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the Class requests that the Court enter a judgment awarding the following relief:

A.     An order certifying the proposed class and appointing Plaintiff's counsel to represent the class;

B.     An order awarding Plaintiff and Class Members their actual damages, and/or any other form of monetary relief provided by law;

C.     An order awarding Plaintiff and Class Members restitution, disgorgement, or other equitable relief as the Court deems proper;

D.     An order requiring VW to adequately disclose and repair the defective Class Vehicles sunroofs;

E.     An order requiring VW to cease distributing defective sunroofs in future VW vehicles pending an investigation;

1     F.     An order awarding Plaintiff and Class Members pre-judgment and post-judgment
2     interest as allowed under the law;

3     G.     An order awarding Plaintiff and Class Members reasonable attorneys' fees and
4     costs of suit, including expert witness fees; and

5     H.     An order awarding such other and further relief as this Court may deem just and
6     proper.

## X.   <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury all issues so triable under the law.


DATED:  September 20, 2017          Respectfully submitted,


/s/ Adam Rose