**HERZFELD & RUBIN, P.C.**
Michael B. Gallub
E-mail: *mgallub@herzfeld-rubin.com*
Jeffrey L. Chase
E-mail: *jchase@herzfeld-rubin.com*
125 Broad Street
New York, NY 10004
Tel,: (212) 471-8500; Fax: (212) 344-3333
(Admitted *Pro Hac Vice*)

**HERZFELD & RUBIN LLP**
Craig L. Winterman (SBN 75220)
E-mail: *cwinterman@hrllp-law.com*
10866 Wilshire Blvd., Suite 800
Los Angeles, CA 90024
Tel.: (310) 553-0451; Fax: (310) 553-0648
Attorneys for Defendant,
VOLKSWAGEN GROUP OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAURA DERAS, ALEXANDER SANTIAGO and MARIA ELENA SANTIAGO, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>Defendant. | Case No. 3:17-cv-05452 JST<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC.'S  NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      November 1, 2018<br>Time:      2:00 p.m.<br>Location:  Courtroom 9<br>Judge:     Hon. Jon S. Tigar |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS: ................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3) ................................. 2

I.   PRELIMINARY STATEMENT ........................................................................................ 2

II.  LEGAL STANDARDS GOVERNING THIS MOTION .................................................... 3

III. ARGUMENT AND POINTS OF DISCUSSION ................................................................ 3

    A.   Plaintiffs' UCL, CLRA and Fraud By Omission Claims Must Be Dismissed (Counts II, III, V) ................................................................................... 3

        1.   Internal Monitoring ........................................................................................ 4

        2.   NHTSA Complaints ....................................................................................... 5

        3.   Prior Recalls .................................................................................................... 7

IV.  CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

**Federal Cases**

*Baba v. Hewlett Packard Co.*,
  2011 WL 317650 (N.D. Cal. Jan. 28, 2011) .................................................................................. 6

*Berenblat v. Apple, Inc.*,
  2010 WL 1460297 (N.D. Cal. Apr. 7, 2010) ............................................................................. 5, 6

*Burdt v. Whirlpool Corp.*,
  2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ................................................................................ 5

*Elias v. Hewlett-Packard Co.*,
  950 F. Supp. 2d 1123 (N.D. Cal. 2013) ........................................................................................ 4

*Grodzitsky v. Am. Honda Motor Co.*
  2013 WL 690822 (C.D. Cal. Feb. 19 2013) .................................................................................. 5

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ..................................................................... 2, 3, 5

*Sloan v. Gen. Motors LLC*,
  2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ...................................................................... 2, 4, 6

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ........................................................................................................ 6

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ...................................................................................................... 4

**Statutes**

Fed. R. Civ. P. 12(b) .................................................................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1, 8

Fed. R. Civ. P. 9(b) ....................................................................................................................... 1, 8

**NOTICE OF MOTION AND MOTION TO DISMISS:**

**PLEASE TAKE NOTICE** that on November 1, 2018 at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable Jon S. Tigar in Courtroom 9 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Volkswagen Group of America, Inc. will, and hereby does, move the Court for an order dismissing all Plaintiffs' claims under Counts II, III, and V of the Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

This Partial Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, the Second Amended Complaint and matters incorporated or referenced therein, matters that may be judicially noticed, other documents filed in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

The briefing schedule is pursuant to the Court's order, Dkt. No. 54.

Dated: July 30, 2018                    HERZFELD & RUBIN LLP

                              By:    */s/ Michael B. Gallub*
                                     Michael B. Gallub (admitted Pro Hac Vice)
                                     Attorneys for Defendant
                                     VOLKSWAGEN GROUP OF AMERICA, INC.

**1**

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452

**STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(a)(3)**

Whether Plaintiffs' second, third, and fifth causes of action under the Consumers Legal Remedies Act (CLRA), Unfair Competition Law (UCL), and common-law fraud by omission should be dismissed for failure to plead facts plausibly stating a claim upon which relief can be granted.

**I.      PRELIMINARY STATEMENT**

As set forth below, Plaintiffs' UCL, CLRA and fraud by omission claims in the Second Amended Complaint ("SAC") still suffer from the fatal pleading deficiencies for which this Court, in its May 17, 2018 Order (Dkt. No. 47), dismissed those claims in the First Amended Complaint ("FAC") (the "Dismissal Order").[1]

In the Dismissal Order, the Court discussed in detail Plaintiff's attempt to sufficiently establish the required element that VWGoA had knowledge of the alleged defect prior to the time in which Plaintiff leased and/or purchased her vehicle. *Id*. at 6-10.  The Court held the allegations to be insufficient to establish that VWGoA had the requisite pre-sale knowledge. *Id*. Plaintiff's allegations regarding 56 consumer complaints to NHTSA, out of "'potentially hundreds of thousands or more' Class Vehicles," did not meet the Ninth Circuit's requirement of establishing that "'there were an *unusual* number of complaints, such that the manufacturer would be on notice of a specific problem.'" *Id.* at 7 (quoting *Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017)(emphasis in original).  Additionally, the allegations that VWGoA had an "internal monitoring" system that tracks information regarding all sunroof failures through sources including consumer complaints and incident reports, warranty claims, information from dealers, drivers and insurance companies, test data, replacement parts data and "other aggregated data sources" was "insufficient to allege knowledge of a defect." *Id*. at 7 (citing *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *14 (C.D. Cal. Apr. 13, 2017).  The Court held that the FAC failed to "'provide any allegations regarding the method by which complaints were recorded and transmitted to management, or otherwise reviewed or received," or

---

[1]  The Court dismissed with prejudice Plaintiff's claim for unjust enrichment.  Dismissal Order at 5-6.  That claim is, accordingly, not repled in the SAC.

**2**

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452

any "allegations that these quality control mechanisms were put in place in response to' the alleged defect." *Id*. at 8 (quoting *Resnick* at *14).

Plaintiff had also attempted to alleged pre-sale knowledge premised upon the fact that other automotive companies, and VW and Audi, had previously instituted recalls of other vehicles that, Plaintiff alleged, had similarly designed panoramic sunroofs. The Court found that even if this were true, and the other vehicles' sunroofs were, in fact, similarly designed, that is not enough, in itself, to establish the requisite pre-sale knowledge of Plaintiff's alleged defect. *Id*. at 9-10. The Court stated: "[Plaintiff] has cited no authority, and this Court is aware of none, holding that prior recalls of similarly designed products is, standing alone, sufficient to establish knowledge of a defect." *Id*. at 10. The Court concluded that "[b]ecause [Plaintiff's] other allegations regarding knowledge are deficient, the Court dismisses the UCL, CLRA, and fraud by omission claims with leave to amend." *Id*.

The SAC, while adding two new Plaintiffs (Alexander and Maria Elena Santiago), fails to cure the deficiencies enumerated by the Court. It is based primarily upon the same conclusory assertions found by the Court to be insufficient, with some additional conclusory assertions which are similarly vague, bereft of supporting facts, and insufficient to establish the requisite pre-sale knowledge by VWGoA of the alleged defect. For the reasons discussed below, Plaintiffs' UCL, CLRA and fraud by omission claims should be dismissed with prejudice.

## II. LEGAL STANDARDS GOVERNING THIS MOTION

The well settled standards governing a Rule 12(b) motion were discussed by the Court at pp. 3-4 of the Dismissal Order, respectfully incorporated by reference here.

## III. ARGUMENT AND POINTS OF DISCUSSION

### A. Plaintiffs' UCL, CLRA and Fraud By Omission Claims Must Be Dismissed (Counts II, III, V)

As this Court observed, "[t]he parties do not dispute that the UCL, CLRA and fraud by omission claims require [Plaintiff] to allege that VW had knowledge of the alleged defect at the

**3**

time of sale or lease." Dismissal Order at 6 (*citing Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.5 (9th Cir. 2012). *See also Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1137 (N.D. Cal. 2013); ("The failure to disclose a defect that a manufacturer does not have a duty to disclose, *i.e.,* a defect of which it is not aware, does not constitute an unfair or fraudulent practice" under the UCL.); *Sloan v. Gen Motors LLC,* 2017 WL 3283998, *5 (N.D. Cal. Aug. 1, 2017) (in California, "a fraudulent omission claim requires proof that a defendant was aware of the defect at the time of sale to establish defendant had a duty to disclose").

The SAC is devoid of any well-pleaded facts demonstrating that VWGoA was aware of the alleged defect at the time of Plaintiffs' purchases.

### 1. **Internal Monitoring**

The allegations in the SAC regarding internal monitoring are essentially the same as the allegations this Court found to be insufficient in the FAC. *Compare* SAC ¶ 28-29 to FAC ¶ 28; Dismissal Order at 7. In its Dismissal Order, the Court quoted the following from a recent decision rejecting similar allegations against Hyundai:

> [W]hile Plaintiffs now allege that Hyundai had significant quality-monitoring processes in place, including its OSQC, a reorganized quality control department, a "Global Quality Situation Room," and ongoing communication" with customers, they have not sufficiently alleged *how* any of these quality control mechanisms placed Defendants on notice that there was a possible paint defect in their vehicles. (*See* CCAC ¶¶ 66-71.) The fact that Defendants had quality control programs in place on the one hand, and that several consumers made anonymous complaints online with a few indicating that they spoke to a Hyundai dealership or to its customer service department on the other hand, fails to establish knowledge of a widespread *defect*. Plaintiffs include no allegations indicating that random complaints received across the country would alert Hyundai's international quality control department to an alleged paint defect.

///

**4**

Dismissal Order at 8, quoting *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *14 (C.D. Cal. Apr. 13, 2017).

This Court found Plaintiff's allegations lacking because Plaintiff "alleged no similar facts to support a conclusion that VW's internal monitoring mechanisms caused VW to know 'of a widespread defect."' Dismissal Order at 8 (quoting *Resnick* at *14). In addition, the Court found Plaintiff did "'not provide any allegations regarding the method by which complaints were recorded and transmitted to management, or otherwise reviewed or received,' or any 'allegations that these quality control mechanism were put in place in response to' the alleged defect." *Id*. (quoting *Resnick* at *17).

Since the SAC fails to cure these fatal deficiencies, Plaintiffs' allegations of VWGoA's internal monitoring fail to establish the requisite pre-sale knowledge. *See also  Burdt v. Whirlpool Corp.,* 2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015) (rejecting allegations of knowledge based upon pre-release testing as "merely speculative," and specifically noting that "the fact that the alleged defect did not appear until eleven months after purchase suggests that the pre-release testing may not have revealed an alleged defect that only appeared after such extended use"); *Grodzitsky v. Am. Honda Motor Co.,*2013 WL 690822 *6 (C.D. Cal. Feb. 19 2013) (rejecting "knowledge" and "duty to disclose" allegations premised on claim that Honda knew of a defect based on "pre-release testing data, early consumer complaints to Honda and dealers, testing done in response to complaints, replacement part sales data, aggregate data from Honda dealers, and other internal sources"); *Berenblat v. Apple, Inc.,* 2010 WL 1460297, at *9 (N.D. Cal. Apr. 7, 2010) (allegations of 350 complaints on defendant's website do not sufficiently plead knowledge of defect; they "merely establish that some consumers were complaining").

### 2. **NHTSA Complaints**

The SAC continues to rely upon the same 56 anonymous hearsay NHTSA complaints that this Court held as insufficient to establish VWGoA's pre-sale knowledge of the alleged defect. Dismissal Order at 7. The Court stated, "the Ninth Circuit has held that consumer complaints suffice to establish knowledge only where there were an *unusual* number of complaints, such that

5

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452

the manufacturer would be on notice of a specific problem." *Id*. at 7 (quoting *Sloan v. Gen. Motors LLC,* 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017)). The Court held that "[f]orty-five, or even fifty-six, complaints out of hundreds of thousands of vehicles does not on its face indicate an unusually high number of complaints," and "do not show VW's knowledge of the alleged defect." *Id*. (citing *Sloan* at *7). The SAC, which carries forth essentially the same allegations, fails for the same reasons. SAC ¶ 38, 74; *see also Baba v. Hewlett Packard Co.,* 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints…does not establish knowledge of an alleged defect."); *Berenblat v. Apple, Inc*., 2010 WL 1460297, *9 (N.D. Cal. Apr. 7, 2010) (allegations of 350 complaints on defendant's website do not sufficiently plead knowledge of defect; they "merely establish that some consumers were complaining").

The SAC tries to bootstrap these failures by adding an allegation that the 56 NHTSA complaints purportedly "represents in fact an unusually high number of complaints" since "[t]he NHTSA database tends to contain far fewer complaints than VW's internal databases." SAC ¶ 30. No pleaded facts or plausible bases are offered to support this speculative conclusory assertion, which fails to establish an "unusual number of complaints" out of the "hundreds of thousands of vehicles" needed to impute pre-sale knowledge of the alleged defect. Similarly unavailing is the SAC's added conclusory allegation that VW participated in unspecified discussions, meetings and conferences regarding "the defects associated with the Class Vehicles." *Id*. The SAC fails to plead any facts showing what the purported discussions, meetings and conferences were; when and where they purportedly took place; who if anyone employed by VWGoA was present or participated; the sum and substance of what was purportedly discussed; when and in what manner it was communicated to any decision-makers within the Company; and the manner in which this purportedly conveyed to VWGoA pre-sale knowledge of the defect alleged by Plaintiffs. These hollow, speculative and conclusory assertions are not entitled to a presumption of truth, *see Somers v. Apple, Inc*., 729 F.3d 953, 959-60 (9th Cir. 2013), and fail to establish the essential requirement of pre-sale knowledge.

///

**6**

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452

### 3. **Prior Recalls**

In the Dismissal Order, the Court found that Plaintiffs' allegations regarding knowledge of prior recalls of purported similarly designed sunroofs by other automotive manufacturers, and by VW and Audi, are not, standing alone, sufficient to establish pre-sale knowledge by VWGoA of Plaintiff's alleged defect. Dismissal Order at 10. The Court concluded: "Because [Plaintiff's] other allegations regarding knowledge are deficient, the Court dismisses the UCL, CLRA, and fraud by omission claims with leave to amend." *Id*.

The SAC, while essentially the same as the FAC in this regard, adds several conclusory allegations in an attempt to bolster the prior recalls: (a) the investigation by NHTSA into certain Hyundai and Kia sunroofs that led to their prior recall, which investigation neither involved nor made any conclusions regarding any VW vehicles; (b) the mere fact, without anything else, that NHTSA requested information from various automotive companies including VWGoA in connection with the Hyundai and Kia investigation, yet took no further action; and (c) the mere existence of an investigation by a South Korean agency (KATRI) which allegedly generally concluded that panoramic sunroofs, not specific to any VW sunroof, are purportedly "prone to shattering" (collectively, SAC ¶¶ 31-35, 47). These conclusory allegations essentially fall within the same prior recalls category that the Court found, standing alone, as insufficient to establish pre-sale knowledge in view of the fact that Plaintiffs' "other allegations of knowledge are deficient." Dismissal Order at 10. Since the SAC fails to cure the other deficient allegations discussed *supra* (internal monitoring and NHTSA complaints), the added allegations in this category, standing alone, remain insufficient to sustain Plaintiffs' UCL, CLRA and fraud by omission claims.

In any event, the additional conclusory allegations are deficient on their face. The mere allegation that NHTSA, in connection with a Hyundai/Kia investigation, requested information from other automotive companies including VWGoA does not establish that VWGoA had pre-sale knowledge of the defect alleged by Plaintiffs. There is no dispute that VW vehicles are not the subject of that NHTSA investigation which underlied the prior recalls of Hyundai and Kia vehicles. Other than a mere request for information directed to the industry, the SAC pleads no

7

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452

factual allegation that NHTSA took any steps, opened any investigation or made any determination regarding the sunroofs of *any* VW vehicle, much less the *Plaintiffs'* vehicles at issue here.  Nor are there any pleaded facts showing how the mere request for information would, in any event, establish the requisite pre-sale knowledge of Plaintiffs' alleged defect.

The same holds true with the conclusory allegations regarding the South Korean KATRI investigation (SAC ¶ 47).  The mere allegation that a foreign entity found that some panoramic sunroofs in general could, under circumstances and conditions not pled in the SAC, be "prone" to shattering, does not establish knowledge of any VW sunroof defect, much less the defect alleged in Plaintiffs' vehicles.  The SAC fails to plead any facts establishing that the KATRI investigation involved or impugned the sunroofs of *any* VW vehicles, much less the Plaintiffs' vehicles. The SAC also fails to establish that the sunroofs being investigated in South Korea were the same or similar to the sunroofs in the vehicles purchased by Plaintiffs. The SAC likewise fails to allege that KATRI advised any motor vehicle companies, much less VWGoA, to cease production of such vehicles due to any widespread sunroof defect.  There is also no allegation that Plaintiffs' vehicles failed to conform to KATRI's suggested guidelines or specifications for sunroofs.  Thus, the SAC pleads no facts from which pre-sale knowledge of Plaintiffs' alleged defect can be imputed to VWGoA, based on the conclusory and insufficient assertions about the KATRI investigation.

The SAC's added conclusory allegations do not establish the requisite pre-sale knowledge in the face of the other continued deficient "knowledge" allegations discussed *supra*. Accordingly, the UCL, CLRA and fraud by omission claims should be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, VWGoA respectfully requests that Counts II, III, and V of the SAC be dismissed pursuant to Fed. R. Civ. P. 12(b) (6) and 9(b); together with costs and disbursements, and such other and further relief as the Court deems just and proper.  Moreover, since this is Plaintiffs' third attempt at pleading, and Plaintiffs have failed to cure the fatal

/ / /

**8**

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452

deficiencies enumerated in this Court's Dismissal Order, those claims should be dismissed with prejudice.

Dated: July 27, 2018               HERZFELD & RUBIN, PC

                         By:   */s/ Michael B. Gallub*
                               Michael G. Gallub (admitted *Pro Hac Vice*)
                               Attorneys for Defendant
                               VOLKSWAGEN GROUP OF AMERICA, INC.



9

VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF MOTION AND
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT- CASE NO. 3:17-CV-05452