Hon. Jon S. Tigar
United States District Judge
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, California 94612

                Re:    **Rosaura Deras, et al. v. Volkswagen Group of America, Inc.**
                        **Case No.: 3:17-cv-05452 (JST)**

Dear Judge Tigar,

      Pursuant to Your Honor's Standing Order, this joint letter brief is submitted with respect to discovery disputes concerning Defendant's responses to Plaintiff's discovery demands, that the parties have been unable to resolve through their meet and confer process.

## I. PLAINTIFFS INTRODUCTION

      Plaintiffs bring this action for themselves and on behalf of all persons in the State of California who purchased or leased all 2005 – 2017 Jetta models, 2015 – 2017 Golf models, 2006 – 2015 GTI models, 2009 – 2010 CC models, 2007 – 2016 Eos models, 2006 – 2009 Rabbit models, 2012 – 2017 Passat models, 2004 – 2006 Touareg models, 2011 – 2017 Touareg models, 2008 R32 Base, and 2009 – 2017 Tiguan models, equipped with factory-installed sunroofs ("Class Vehicles"). Plaintiffs allege the following: The Class Vehicles' Sunroofs are defective and spontaneously shatter. The shattering events are so powerful that startled drivers compare it to the sound of a gunshot, after which glass fragments rain down upon the occupants of the vehicle, sometimes while driving at highway speeds. Based on consumer complaints and other evidence, Volkswagen has known about the Sunroof Defect for many years, but continues to sell these vehicles to the general public.

      Plaintiffs served their initial discovery in May of 2019, and their second set of discovery in August of 2019. Defendant asked for and received multiple extensions of time to respond, and ultimately provided responses in November of 2019.

**A.**      **Discovery Disputes-Defendant's General Objections Are Invalid**

      This dispute relates to Plaintiffs two sets of interrogatories and two requests to produce. In response to all the discovery items, defendant asserts a series of general objections, which are invalid. Thus, Volkswagen inappropriately relies on the general objections as a basis for withholding discovery. *Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12–13 (D.D.C. 2008).

**B.**      **Defendant's Standing Objection To Requests To Produce Is Invalid**

      Defendant has asserted a general objection number 10, arguing that it has no obligation to any models identified in the operative pleading, other than the models of vehicles which

Plaintiffs furnished. Volkswagen erroneously raises what is in essence an objection to Plaintiffs standing to represent models of vehicles other than the type of vehicles Plaintiffs leased or purchased. This is an inappropriate effort to block Plaintiffs pre-certification discovery. *Kimble v. Specialized Loan Servicing, LLC*, No. 16CV2519-GPC (BLM) 2018 WL 1693197, at *3 (S.D. Cal., Apr. 6, 2018). Such standing objections are invalid when raised in response to pre-certification discovery. *Kimble v. Specialized Loan Servicing, LLC*, supra, 2018 WL 1693197, at *3–4. Challenges to the adequacy of named Plaintiffs' representation of other class members' interests may be appropriately addressed at the class certification stage. See, e.g., *Rojas v. General Mills, Inc*., No. 12CV5099, 2014 WL 1248017, at *9–10 (N.D. Cal. Mar. 26, 2014 (deferring questions of similarity to the class certification stage and denying a motion to dismiss for lack of standing)); *Bruton v. Gerber Products Co*., No. 12CV2412, 2014 WL 172111, at *8 (N.D. Cal. Jan. 15, 2014) (finding that the plaintiffs had standing to assert claims for unnamed class members based on products not purchased because the products in questions were substantially similar); *Miller v. Ghirardelli Chocolate Co*., 912 F.Supp.2d 861, 869 (N.D. Cal. 2012) (holding that a plaintiff may have standing to assert claims for unnamed class members as long as the products are substantially similar); *Cardenas v. NBTY, Inc*., 870 F.Supp.2d 984, 992 (E.D. Cal. 2012) (analyzing whether the plaintiff may be allowed to bring claims on behalf of others who have similar but not identical interests solely under Rule 23); *Byler v. Deluxe Corporation* (S.D. Cal. 2016) 222 F.Supp.3d 885, 897; *Urena v. Central California Almond Growers Assn*. (E.D. Cal., June 6, 2019, No. 118CV00517LJOEPG) 2019 WL 2390042, at *6.

With regard to Plaintiffs requests to produce, this objection is invoked to withhold information responsive to categories 2, 3, 4, 24, 32, 37, 39, and 41. Similarly, the same defect invalidates the responses to categories 6-7, 9-10, 12-13, 15-18, 20,22-23, 28-31, and 35. Further, the responses to categories 14, 25, 33, 36, 47, 48, 50, 51, and 53, also inappropriately limit compliance to the models of Plaintiffs vehicles.

We also dispute the validity of responses to categories 40, 43-44, 45, 46, 49, and 52, but space limitations prevent a full recitation of the invalidity of these responses.

### C.  The Interrogatory Responses Are Similarly Deficient

The responses to numbers 10, 9-11, 16 and 18, are also improperly limited to the models of Plaintiffs vehicles. Moreover, defendant refuses to identify material witnesses (interrogatories 3-4), and other material information bearing on class certification requirements. (Interrogatories 7, 14-15, and 19.) Defendant also erroneously limits its response to interrogatory 22 to defendant's direct employees rather than other witnesses.

### II. VOLKSWAGEN GROUP OF AMERICA, INC.'S (VWGoA) INTRODUCTION

Plaintiffs are incorrect in claiming that the sunroofs in all of the many thousands of putative class vehicles share a common design.  The named Plaintiffs' vehicles contain a certain type of sunroof, called an "SAD" sunroof, which is materially different in design, configuration, size and specifications from other "panoramic" sunroofs.  Despite the fact that Plaintiffs' vehicles contain SAD sunroofs, they have purported to represent an enormously overly broad putative class consisting of all California owners and lessees of a panoply of 10 different vehicle

models across 13 model years that, as discussed below, are equipped with different sunroofs, including panoramic. Following meet and confer discussions, VWGoA has agreed to produce discovery encompassing SAD sunroofs, which are equipped in 6 putative class model vehicles spanning model years as early as 2004 and as late as 2017.[1] VWGoA respectfully submits that this discovery scope is proper, reasonable and proportional, and in fact, affords Plaintiffs more than that to which they would reasonably be entitled.

With respect to Plaintiffs' reference to extensions of time afforded VWGoA, we wish to note that identical extensions have been provided to Plaintiffs. We further wish to note that Plaintiffs' responses to VWGoA's discovery are deficient and a meet and confer process is underway, which will be the subject of a separate joint statement.

A.  **Defendant's Objections are Properly Stated**

VWGoA has not simply blanketly relied on "general objections." Many of Plaintiffs' discovery requests share the same improprieties, and accordingly are objectionable for the same reasons. For ease of reference, and to avoid having to re-state in full the exact same objection repeatedly throughout the responses, VWGoA delineated a series of numbered objections. These are not "general objections" but are specific and detailed objections that happen to apply to a large number of Plaintiffs' demands and interrogatories. VWGoA referred to and incorporated by reference particular commonly shared objections in the responses to which they apply. The enumerated objections are not incorporated by reference wholesale into every response. In addition to the reference to the applicable shared objection, VWGoA asserted, with its responses, other valid objections that are uniquely applicable to particular demands. There is nothing improper about the assertion of VWGoA's objections. In *BBC Group NV, LLC v. Island Life Rest. Grp., LLC*, 2019 U.S. Dist. LEXIS 91591, *12-3 (W.D. Wash. 2019) citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.*, 408 F.3d 1142 (9th Cir. 2005), the Court refused to strike defendant's "General Objections" because they preserved objections while providing specific responses to each request to note particular bases for objection. Here, as in *BBC Group*, VWGoA incorporates its list of objections specifically into the responses where appropriate, and provides more specific grounds within the individual responses.

Plaintiffs cannot legitimately rely upon the *Convertino* case, where, unlike the present case, general objections were merely put forth in a generalized way and applied by reference to each response. *Convertino*, *supra*, at 12. Here, VWGoA's responses provided Plaintiffs with the grounds upon which each individual objection is being made to each specific request, aptly satisfying the requirement that Plaintiffs have the ability to "evaluate and determine whether to challenge the objection raised." *Id.*

B.  **VWGoA's Objection to Plaintiffs' Overly Broad Demands is Appropriate**

---

[1] VWGoA does not concede that all vehicles equipped with SAD sunroofs are substantially similar. In fact, such vehicles have significant differences based on the designs and configurations of the vehicles themselves. VWGoA reserves all rights concerning class certification, i.e., all SAD sunroofs are not appropriate for class treatment.

Plaintiffs, whose vehicles contain only non-panoramic SAD sunroofs, have improperly demanded blunderbuss discovery from VWGoA relating to essentially every model vehicle marketed or sold by VWGoA, during a huge period of time from 2004-2017, containing any design, configuration and type of sunroof.  This is manifestly overbroad in scope, as it encompasses a wide array of different vehicle types and sunroof designs with dissimilar features, mechanics, configurations and specifications, many of which differ significantly from Plaintiffs' vehicles and their sunroofs.  VWGoA properly and specifically objected on the ground that Plaintiffs' demands encompass "a wide array of vehicle models with differing sunroof and sunroof component designs, shapes, sizes configurations and suppliers, and differing vehicle sizes, shapes, configurations and the like, all of which renders it impracticable, unduly burdensome and not proportional to search for and compile documents and materials across such a varied and expansive panoply of vehicle models and model years and different types and configurations of sunroofs in such vehicles."  This objection should be sustained.

Over objection, VWGoA originally responded with respect to sunroofs in 2013 Jetta and 2017 Passat vehicles, which are the model year vehicles owned by the named Plaintiffs.  While this constituted an appropriate scope of discovery, in the spirit of compromise, during the meet and confer process VWGoA offered, without waiver of its objections, to expand the scope of its responses significantly to encompass all putative class vehicles that are equipped with non-panoramic SAD sunroofs, even if the particular SAD sunroofs contained differences from the Plaintiffs' two model vehicles.  This vastly expanded scope offered to Plaintiffs goes way beyond the Plaintiffs' vehicles to include 2005-2017 model year Jettas (excluding Sportwagen), 2006-2015 model year GTIs, 2006-2009 model year Rabbits, 2012-2017 model year Passats, 2004-2006 model year Touaregs, and the 2008 model year R32 Base.  This provides a vastly broader scope which, we submit, is much broader than the scope of discovery to which Plaintiffs should legitimately be entitled given the fact that these vehicles have differences in height, configuration and placement of the SAD sunroofs.

However, discovery should not fairly include vehicles with panoramic (non-SAD) sunroofs which none of the Plaintiffs' vehicles contain.  Panoramic sunroofs have significant differences from SAD sunroofs with respect to size, configuration, mechanism for operation, glass specifications, and in the manner in which they are installed and affixed to the vehicles.  Further, the models equipped with panoramic sunroofs, representing more than 30% of the putative class, have varying heights and configurations, and the panoramic sunroofs themselves have different glass thicknesses, different sizes (as admitted by Plaintiffs), and have different mechanisms for operation, including some that tilt and others that slide.  These differences affect any claimed potential for a sunroof to fracture - - which is the crux of Plaintiffs' claims.  The panoramic sunroofs are not substantially similar to the SAD sunroofs, and should not be the subject of discovery herein.  *See Bronson v. Samsung Elecs. Am., Inc.*, 2019 U.S. Dist. LEXIS 90971, *3 (N.D.Cal. 2019) (Discovery related to different products from those owned by the class representatives is only permitted for those products that have identical allegedly defective part).

In rejecting this more-than-reasonable compromise, Plaintiffs argue that despite differences amongst the model/model year vehicles in the putative class, discovery should encompass sunroofs that are "substantially similar" to the sunroofs in the named Plaintiffs'

vehicles. *See Bruton*, *Miller* and *Cardenas*, *supra.* Yet, they ignore the fact that VWGoA's proposed compromise offer provides just that, and more. Plaintiffs' request for a much broader scope violates Plaintiffs' own standard, is improper, and is unduly burdensome. Requiring VWGoA to search for and provide discovery concerning such a large volume of vehicles including those with panoramic sunroofs - which are not substantially similar to Plaintiffs' sunroofs - would unfairly require huge expenditures of time, personnel and resources which are neither appropriate nor proportional to the Plaintiffs' claims. Accordingly, Plaintiffs' request that the scope of discovery include panoramic sunroofs should be rejected.

VWGoA does not respond here to Plaintiffs' passing reference that they "dispute the validity of responses to categories 40, 43-44, 45, 46, 49, and 52, but space limitations prevent a full recitation of the invalidity of these responses." The responses are proper and complete. If Plaintiffs' articulate their positions regarding these discovery requests, VWGoA will respond.

C. **VWGoA's Interrogatory Responses are Proper**

VWGoA's objection to the overly broad scope of Plaintiffs' discovery requests is equally applicable to Plaintiffs' Interrogatories Nos. 9-11, 16 and 18. As with the responses to Request for Production, VWGoA has informed Plaintiffs that it is willing to produce discovery related to putative class vehicles equipped with SAD sunroofs, which Plaintiffs have unjustifiably rejected.

Plaintiffs' demand that VWGoA identify every owner and lessee of every vehicle encompassed in their overly broad putative class (Interrogatory No. 3) is overly broad, unduly burdensome and inappropriate in light of the fact that, as demonstrated, the putative class involves many dissimilar vehicles and sunroofs and is not properly bounded. Moreover, exposing the identities of all purchasers and lessees of putative class vehicles equipped with SAD sunroofs is unduly burdensome, not proportional to the needs of the case, and an unnecessary breach of VWGoA's customers' privacy. Under similar circumstances courts have limited this type of discovery to approximately 5% of putative class members, which VWGoA submits is appropriate here. *See Guzman v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 198933, No. 17-cv-02606-HSG (N.D. Cal. Nov. 21, 2018) (Disclosure of identifying information of putative class members properly limited to approximately 5% of putative class); *Kress v. Price Waterhouse Coopers*, 2011 U.S. Dist. LEXIS 87845, No. CIV S-08-0965 (E.D. Cal. Aug. 9, 2011) (Ordering defendant to produce information on a random selection of 5% of putative class members).

VWGoA has appropriately responded to Interrogatory No. 4 by referring to documents produced in response to Request for Production No. 4. *Fed. R. Civ. Pro. 33(d)*. Plaintiffs' Interrogatory No. 7 seeking the amount spent by VWGoA for repairs of shattering sunroofs in putative class vehicles is premature, because such disclosure does not pertain to class certification. The Court has ordered that discovery in this action be bifurcated into class certification discovery (now), with merits discovery to be scheduled after the Court has decided Plaintiffs' anticipated motion for class certification. Thus, at this stage, discovery is limited to that which is reasonable and necessary to address the Rule 23 class certification requirements. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 fn.13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). The actual amount of money spent by VWGoA does not bear upon such factors.

As to Interrogatory Nos. 14 and 15, VWGoA reasonably offers to supplement its responses in accordance with the rational discovery scope delineated herein.

Plaintiffs' demand for discovery concerning recalls that admittedly do not involve or relate to any putative class vehicles (Interrogatory No. 19), including non-Volkswagen vehicles, is patently overbroad and irrelevant. VWGoA properly responded, over objections, to Interrogatory No. 22 by identifying a VWGoA employee who may have relevant information. Plaintiffs have not articulated what further information, if any, they are seeking by this interrogatory.

Respectfully submitted,

THE LAW OFFICE OF STEPHEN M. HARRIS, P.C.

By: /s/ Stephen M. Harris
Stephen M. Harris
Attorneys for Plaintiffs ROSAURA DERAS, ALEXANDER SANTIAGO and MARIA ELENA SANTIAGO individually and on behalf of a class of similarly situated individuals

HERZFELD & RUBIN, P.C.

By: /s/ Michael B. Gallub
Michael B. Gallub
Homer B. Ramsey
(Admitted Pro Hac Vice)
Attorneys for Defendant
VOLKSWAGEN GROUP OF AMERICA, INC.