UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSAURA DERAS,

    Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

    Defendant.

Case No. 17-cv-05452-JST (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 93

The Court held a telephonic hearing yesterday concerning the parties' joint discovery letter brief about Plaintiffs' responses to Defendant's interrogatories ("rogs") 12-15. ECF No. 93. This order follows.

The rogs all take the same form: "Identify each Document, witness, proof and other basis for your claim in the Complaint that . . . ."

". . . common question[s] of law and fact exist among the Plaintiffs and putative class members." (rog 12)

". . . the various Subject Vehicles, including 2009-10 CC, 2007-16 Eos, 2015-17 Golf, 2005-17 Jetta, 2012-17 Passat, 2009-17 Tiguan, 2004-06 and 2011-17 Touareg, 2006-15 GTI, 2006-09 Rabbit and 2008 R32 share substantially similar Sunroofs and/or Sunroof Systems." (rog 13)

". . . the Sunroofs in the Subject Vehicles share the same defect." (rog 14)

". . . the requirement of typicality is met because Plaintiffs and all proposed class members purchased vehicles with the same sunroof defect." (rog 15)

At the telephonic hearing it became clear that the parties interpret the rogs the same way.

The portion of the rog that asks for the "basis for your claim" means *state your contentions*. And the portion that asks for "each Document, witness, proof" means *list your evidence*. The current letter brief relates to the first aspect of these rogs, and Defendants argue that the responses are insufficient.

Plaintiffs' rog responses do contain a fair amount of information, but they also meander around to the degree that it's not clear what their contentions specifically are. Consider rog 14, which asks about the contention that the subject vehicles share the same defect. The first paragraph that sets forth contentions says:

> There is a uniform defect in the sunroof of the class vehicles, and available fixes (such as laminating) would be equally applicable to all the sun-roofs of class vehicles. Given the area encompassed by the sunroofs, tempered glass is inadequate and laminated glass should be used. Laminated glass is more likely to stay in one piece and hold its form when broken. Replacing a fully reliable metal roof with a glass roof creates vulnerability to many potential sources of failure which would not pose the same danger if the roof were metal.

This paragraph says that there is a uniform defect, and then circles around what it is. It might be the use of tempered glass in an area that exceeds a certain size, if "inadequate" means the same thing as "defective." But does it? "Inadequate" feels like a hedge word. If you're a lawyer writing a rog response and you really want to tell your opponent what the defect is, you would say something like: "this feature of the product is what makes it *defective*." That tells 'em. Calling something "inadequate" is – well, inadequate. It leaves the reader less than 100% sure that tempered glass of a certain size is, by itself, the defect.

This is especially true because the relationship between the defect and lamination isn't that clear either. If you have glass in an area of a sufficient size, does it have to be laminated to be non-defective, or is that just one good idea? The first and second sentences seem to disagree. And then the fourth sentence leads us in a new direction entirely, suggesting that using glass, as opposed to metal, might be the defect, which is confusing because the preceding three sentences seemed to be saying the defect is in the type of glass.

The rog response goes on to say that when Defendant "*designed the class vehicles*, it failed to design *them* in a manner wherein *the sunroofs* would" withstand certain things. (emphasis

2

added). This sentence places the design flaw in the vehicle, but not necessarily in the sunroof, so maybe there is something about the design that *affects* the sunroofs? This suggestion is bolstered by later references to how the sunroofs are affixed to the frame. Also, one of the things that's not supposed to happen, according to the rog response, is "broken glass falling onto the driver and occupants of class vehicles while the class vehicles are driven in traffic." But is that simply a consequence of the defect, or does the defect include the failure to design the car so that broken glass does not fall on the occupants, i.e., when glass shatters something should prevent the fall?

The rog response does not definitively state what the defect is and why the subject vehicles all share it. The identification of the defect is blended together with the consequences of the defect, the expectations for what the product should be able to do, and the ways in which the product does not live up to them. You generally get the idea – the sunroofs shatter, and that's not good – but if you wanted to state in one crisp sentence what the defect is, you'd have to write it yourself because it's not here. The rog response needs to state that there is a uniform defect in the sunroof of the class vehicles, and it is X. And the response then needs to state why the defect is uniform. There is nothing wrong with the other information being in the rog response in some form, provided that the core contention asked for is decisively stated.

The responses to the other rogs at issue all share the same problem. The response to rog 12 does not clearly identify the common questions of law and fact that Plaintiffs contend exist among Plaintiffs and putative class members. The response to rog 13 doesn't really say why the various subject vehicles share substantially similar sunroofs or sunroof systems. And the response to rog 15 does not clearly state Plaintiffs' contentions on typicality. It's not that these responses contain no information; they do. And it's not that the reader can't generally figure out what Plaintiffs think their case is from reading these responses. The problem is that the responses wander around the question being asked, allowing you to guess elements of the answer, without being sure you've got it exactly.

Defendant's motion to compel is **GRANTED**. Plaintiffs shall serve amended responses

within 14 days.[1]

**IT IS SO ORDERED.**

Dated: February 14, 2020

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] At the hearing, Plaintiffs stated they could amend in 14 days.