UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAURA DERAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>    Defendant. | Case No. 17-cv-05452-JST (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 92 |

This case is a putative class action brought by three California residents who leased or purchased VW automobiles. Second Amended Complaint ("SAC") ¶¶ 13, 57, 59, 65, ECF No. 51. They allege that VW has been selling certain models of cars (the "Class Vehicles") that have a defective sunroof. *Id*. ¶¶ 21-26. The parties are currently conducting discovery related to class certification, and they have filed a joint discovery letter brief concerning VW's responses to Plaintiffs' requests for production ("RFPs") and interrogatories ("rogs"). ECF No. 92. The Court had telephonic hearings on February 13 and 25, 2020, and now issues this order.

**A.    What the Court Is Deciding**

First, a word on how the issues were presented to the Court, which should help the reader understand this order. The discovery disputes were presented in a joint discovery letter brief because the Court's Discovery Standing Order requires that, but in substance this is really a motion to compel by the Plaintiffs. In the brief, Plaintiffs for the most part point to certain objections in VW's responses and argue that those particular objections lack merit. But for many of the discovery requests at issue, VW also made other objections in its responses, and Plaintiffs didn't brief those. So, the Court is going to treat Plaintiffs as the moving party and only rule on the arguments they advanced. This means the Court's order mostly (but not entirely) takes the

form of overruling or sustaining an objection, rather than ordering or refusing to order VW to respond to a request. This leaves the other objections unaddressed for the simple reason that the Plaintiffs didn't brief them.

But that doesn't mean VW should just sit on its hands until every last objection it has interposed is overruled. It is clear that the biggest point of contention between the parties concerning class discovery is VW's General Objection No. 10 ("G.O. 10"), which this order resolves. There are a couple of other issues that affect multiple requests, such as where the boundary is between class and merits discovery, and how broadly VW has to produce documents and provide information concerning problems with sunroofs generally. But once we get past those issues, the parties should be able to work out among themselves the minor disputes that remain. As one example, the major issues in dispute for RFP 8 are G.O. 10 and problems with sunroofs generally. Once those issues are resolved, the poor phrasing of RFP 8 (what does "relating in any way" mean?) is a minor issue the parties should be able to work out.

However, if there are any further issues the parties cannot work out with respect to the current discovery requests, they should meet and confer and submit another joint discovery letter brief. In other words, just because Plaintiffs did not raise an issue in the current letter brief doesn't mean they are precluded from doing so in the future concerning these requests.[1]

**B.     General Objection No. 10**

As noted, the biggest issue in dispute is G.O. 10, which VW asserts in response to both the RFPs and the rogs, objecting to the definition of "Class Vehicles." First, let's clarify what's not in dispute. Because the Second Amended Complaint brings claims on behalf of putative class members who purchased or leased vehicles in California, SAC ¶ 71, VW states that its responses will be limited to vehicles purchased or leased in California, i.e., its responses track the class definition. Plaintiffs do not challenge this aspect of G.O. 10 and would be hard pressed to do so. So, we can put that to one side.

---

[1] One issue Plaintiffs raised in the letter brief is that VW has withheld producing many categories of documents pending entry of a protective order. The Court entered one on February 13, 2020, ECF No. 99, and assumes this issue has been resolved.

It's the other part of G.O. 10 that's in dispute, namely, that VW does not agree to produce discovery concerning all of the models that Plaintiffs allege are the subject of this case. *See* SAC ¶ 21. If you just read the plain language of G.O. 10, you would think that VW is only producing class discovery for the specific model years of vehicles owned by the named Plaintiffs (the 2013 Jetta and 2017 Passat, *see id.* ¶ 59, 65). But in the letter brief, VW states that it will produce discovery for all the models at issue that have SAD sunroofs, which is the type of sunroof in the cars Plaintiffs bought. Or, from VW's point of view, it might be more precise to think of SAD as a "category" of sunroofs rather than a particular "type." VW does not think that all SAD sunroofs are similar to each other, and VW is firmly of the view that producing discovery for all the SAD sunroofs is already overbroad. Having said that, the dispute between the parties is that VW has drawn the line at producing discovery for the non-SAD sunroofs.[2]

In paragraph 21 of the SAC, Plaintiffs allege that there is a defect in the sunroofs for the following models of cars: 2005 – 2017 Jetta, 2015 – 2017 Golf, 2006 – 2015 GTI, 2009 – 2010 CC, 2007 – 2016 Eos, 2006 – 2009 Rabbit, 2012 – 2017 Passat, 2004 – 2006 Touareg, 2011 – 2017 Touareg, 2008 R32 Base, and 2009 – 2017 Tiguan. This seems like 10 models of cars, but for our purposes it's actually 12. The Touareg had SAD sunroofs during 2004-06, but then non-SAD for 2011-17, so in a lawsuit about sunroofs we should count those as different models. Likewise, the Jetta sedan had SAD sunroofs for the listed years, but the Jetta Sportwagen had non-SAD sunroofs for six of those years. Thus, 12 models, and it turns out that half had SAD sunroofs (Jetta sedan, GTI, Rabbit, Passat, 2004-06 Touareg and R32 Base) and the other half didn't. If you get fancy with math and calculate model years, that ends up being 37 model years having the SAD sunroof and an equal number for the non-SAD sunroof.

Why are we counting models and model years? Because VW thinks those are good proxies for the burden of discovery. And due to an elegant coincidence, you don't have to choose between models and model years as a proxy because they both lead to the conclusion that

---

[2] The Court was hoping for a spiffy term to describe that category of sunroofs – such as "panoramic" – but was told there isn't one. Most of the non-SAD sunroofs are indeed panoramic, but the Eos is neither SAD nor panoramic. So, we're stuck with "non-SAD" being the alternative to "SAD."

3

including the non-SAD sunroofs doubles the discovery burden on VW. During the telephonic hearings, VW explained in some detail the type of searches and document review it will need to do to find and produce relevant documents, and the company made a good case that adding in the non-SAD sunroofs will likely double the burden of class discovery. Plaintiffs do not disagree, although, of course, they do not have firsthand knowledge of how VW maintains its records, so they can't be expected to say much on this issue. So, the Court accepts VW's estimation. It seems reasonable and well supported. The question, then, is whether including the non-SAD sunroofs in class discovery is relevant and proportional under Rule 26.

Despite VW's arguments, the relevance inquiry is easily answered: Yes, discovery as to the non-SAD sunroofs is relevant. Plaintiffs allege that the sunroofs in all of these cars are defective, SAC ¶¶ 21-26, and paragraph 21 of the SAC specifically lists all the models at issue, including the ones that contain non-SAD sunroofs. All you have to do is read the SAC, and you can see the non-SAD sunroofs are relevant. *See* SAC ¶ 26 ("The sunroofs in the Class Vehicles all share a common design, and that common design is defective, resulting in the sunroofs of the Class Vehicles spontaneously shattering, as previously defined as the Sunroof Defect.").

True, the Court has taken Plaintiffs to task for not identifying the defect with precision in their rog responses and has ordered them to do so. ECF No. 102. They say they will (their amended rog responses are due this Friday) and that their amended responses will focus on the use of tempered glass and related deficiencies. But in any event, their relevance argument is that all of the sunroofs at issue were made of tempered glass that have the flaws Plaintiffs say constitute the defect. Since the alleged defect is in both the SAD and the non-SAD sunroofs, discovery as to both is relevant.

VW claims not to understand what defect has been articulated and, to the extent it can understand it, scoffs at this alleged defect (are all sunroofs in all cars sold today defective?). But VW does not deny that the characteristics that Plaintiffs say constitute the defect are present in the non-SAD sunroofs. In essence, VW says that Plaintiffs have cooked up a defect definition that, yes, reaches all the sunroofs, but is a lousy or difficult to understand defect claim.

However, VW's argument has procedural and substantive problems. Procedurally, the

4

Court has bifurcated the case such that class discovery and class certification briefing are happening first, followed by adjudication of the merits. ECF No. 73. Limiting class discovery based on a contested view of the merits gets everything backwards. And substantively, how is the Court supposed to know as a factual matter that the non-SAD sunroofs are so different from the SAD sunroofs that they can't possibly be in the same class? Just by reading a discovery letter brief that has colorful pictures of cars and accepting VW's say so? Plaintiffs allege the same defect is in all of these sunroofs, and the Court has no factual basis to conclude it is not. Remember: producing discovery about the non-SAD sunroofs is the very thing VW has refused to do. So, it's not like there is a lot of evidence produced in this case that would *prove* how different the SAD sunroofs are from the non-SAD ones, and VW just failed to provide it with the discovery letter brief. Nothing has been produced on that subject at all. Against Plaintiffs' allegation that the sunroofs in all the Class Vehicles share a common and defective design, SAC ¶ 26, we have only VW's unproven assertion that this is untrue.

The relevance of a discovery request simply has to be measured against the claims that are alleged. Here, Plaintiffs allege there is a uniform defect in all of the sunroofs. They may succeed or fail in proving that to be true, but discovery concerning the non-SAD sunroofs is obviously relevant to their claims.

The discovery is also proportional. Indeed, in the telephonic hearings, VW confirmed the discovery is almost exactly proportional. VW itself argued that adding in the non-SAD sunroofs doubled the number of models and model years at issue, which effectively doubled the burden of discovery. Using RFP 4 as an example, the Court discussed with VW in detail the particular kinds of searches it would need to do, including electronic searches and manual review, and the upshot is that broadening discovery to include the non-SAD sunroofs doesn't change the type of things VW has to do or the places it has to search; it just means that VW has to do twice as much of the same type of stuff. For example, to search for complaints in the Customer Care database about the sunroof defect, VW will create search terms (such as "sunroof" and "shatter"), limit the search by model and year, and get a number of hits. Then, document reviewers will manually review the hits to find the ones that relate to the alleged defect. Adding in the non-SAD sunroofs will double

5

the number of model years, which will probably double the number of hits from the search terms, resulting in twice as many documents to review.

Not all of the RFPs are exactly like this. For example, RFP 7 asked for every bulletin VW issued concerning the sunroofs installed in the class vehicles. After asserting G.O. 10, VW said there weren't any. Well, once the non-SAD sunroofs are added in, the response will either be the same (there were none), or the response will be that there were some, creating a production burden that did not exist for just the SAD sunroofs. Still, it seems like the effort to determine *whether* bulletins were issued is the harder part of RFP 7 than the act of Bates-stamping and producing what can't be very burdensome documents, and it seems like that burden remains proportional. In overruling this aspect of G.O. 10, the Court is effectively telling VW for this RFP: Previously you investigated and determined there were no such bulletins for the SAD sunroofs, now go check on that same issue for the non-SAD sunroofs.

The Court is not going to individually discuss each one of the dozens of discovery requests to which VW has interposed G.O. 10. The basic point is that where an RFP or a rog asks for information that is otherwise relevant, it doesn't become irrelevant because it pertains to a non-SAD sunroof, and VW has not articulated any new or different type of burden that comes into play for the non-SAD sunroofs. Including the non-SAD sunroofs doubles the number of models and model years of cars at issue, and that proportionately doubles the amount of burden for VW in discovery. This discovery *is* proportional because the burden grows in proportion to the scope of the case.

And, to be clear, while it worked out neatly that there are an equal number of models and model years for the SAD and non-SAD sunroofs, the Court's ruling does not hinge on that coincidence. The proportionality point is that the discovery burden is generally consistent with the scope of the case, not that it is exactly so. Further, the Court understands that VW's prediction that adding the non-SAD sunroofs will double their discovery burden is just an estimate using models and model years as a proxy. Obviously, if there is one particular model year that has sunroofs constantly shattering, it's going to introduce more burden. The idea in doing proportionality analysis is to use proxies like this to try to estimate how much more work the

6

additional discovery will likely turn out to be.

In ruling on G.O. 10, the Court is also mindful that a contrary ruling would effectively deny class certification as to all putative class members who purchased or leased vehicles with non-SAD sunroofs, without having any evidentiary basis for doing this. If the Court simply barred discovery as to the non-SAD sunroofs, Plaintiffs would never be able to show the predominance of common issues or any other requirement of class certification as to those sunroofs. All of Plaintiffs' arguments would fail for lack of evidence. Where, as here, the requested discovery is relevant and proportional, cutting off class discovery in such an arbitrary manner in a way that would be fatal to a large part of the case is inappropriate.

Accordingly, that portion of G.O. 10 that objects to the inclusion of non-SAD sunroofs in discovery is **OVERRULED**.

## C. Other Issues with RFPs

The Court **OVERRULES** VW's objection that RFPs 8 and 11 do not relate to class certification. They relate to how common the alleged defect is, which goes to predominance. If VW is paying people left and right over the sunroof defect and its analysis shows this defect is going to cost the company a lot of money, that strengthens Plaintiffs' argument that there is a certifiable class here. And if the issue almost never comes up, class certification becomes harder. The Court **OVERRULES** that same objection as to RFP 38 for similar reasons.

RFPs 8 and 11 also, however, raise a global issue. They ask for documents about problems with the sunroofs *or* about the sunroof defect. The Court **SUSTAINS** VW's objection, asserted in many of its responses, to discovery about problems with the sunroofs. That's too broad and untethered to Plaintiffs' claims, which are about a particular defect, not anything and everything that could be wrong with a sunroof. Instead, any such requests are limited to the sunroof defect.

The Court is unsure what the dispute is concerning RFP 40. Plaintiffs contend the documents sought by RFP 40 are relevant to class certification, but VW did not object on that basis. The Court does not see in VW's section of the letter brief any specific discussion of RFP 40. From the RFP responses, it looks like VW's principal objections to RFP 40 were G.O. 10 and the "problems with sunroofs" issue that the Court has now resolved.

The Court **OVERRULES** VW's objection that RFP 46 improperly seeks only merits information. Discussions of the sunroof defect could be relevant to predominance, depending on what they say.

At the hearing, Plaintiffs clarified that RFP 49 had some extra words in it ("the decisions to"). With those words omitted, and the Court's ruling above concerning discovery about problems in general with sunroofs, that RFP is addressed.

For RFP 52, it is not sufficient for VW to state that it did not design, manufacture, test or install the sunroofs. If it has documents about testing that was done of the sunroofs to ensure they were reliable, their relevance does not disappear just because the testing was done by someone else. The Court understands that a car is a finished end product that is made in a supply chain involving a number of companies, that this case is about an alleged design defect in a part VW didn't make, and that VW is the only defendant here. Such is life in a product defect case. But if VW has relevant documents in its possession, custody or control, it can't refuse to produce them on the ground that they reflect the actions of some other company. A lot of what's in those cars was made by other companies. The Court **ORDERS** VW to produce documents responsive to this RFP if it has any.

For RFP 44, now that the Court has overruled one aspect of G.O. 10, the Court **ORDERS** VW to amend to withdraw that objection and then determine if its answer is any different.

**D.     Other Rog Issues**

For rog 3, the parties have agreed to a 5% sample as a compromise, so there is nothing for the Court to rule on.

For rogs 4, 5 and 15, G.O. 10 and discovery about sunroof problems generally were the main issues. The Court **OVERRULES** VW's objection that these rogs do not relate to class certification. The identification of class members who have complained about the sunroof defect (rog 4) or who VW has refused to reimburse for losses caused by the sunroof defect (rog 5) or of persons who have made a claim to VW arising out of a loss caused by the sunroof defect (rog 15) is relevant to how common the alleged defect is, which goes to numerosity, predominance and other class issues.

8

For rog 7, the Court **OVERRULES** VW's objection that this information is not relevant to class discovery, for reasons similar to the above rulings for RFPs 8, 11 and 38.

For rogs 12, 14 and 22, the Court **ORDERS** VW to provide the requested information to the best of its ability. Just because a company does not *do* a particular thing doesn't mean it doesn't *know* anything about it. Design changes in the sunroofs (rog 12) are certainly relevant, and the fact that VW didn't design them doesn't mean it's wholly ignorant of the design of the products it's been selling for the last decade and a half. Identifying the vendors who manufactured the sunroofs (rog 14) or the engineers who analyzed the sunroof defect (rog 22) is a good way to find non-parties to depose. It's no response to say those things were done by people outside VW. Yes, Plaintiffs know that – and they want to find those people and depose them.

**IT IS SO ORDERED.**

Dated: February 27, 2020

THOMAS S. HIXSON
United States Magistrate Judge